Marina L. Lang, Cal. Bar No. 251,087
mlang@socalip.com
Steven C. Sereboff, Cal. Bar No. 156,731
ssereboff@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for American Security Products Co.,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| American Security Products Co., a California corporation,<br><br>　　Plaintiff,<br><br>　　v.<br><br>Commercial Locksmith Solutions Inc., a Texas corporation<br><br>　　Defendant. | No. 5:21-cv-1133<br><br>Complaint for Cybersquatting under the Anti-Cybersquatting Consumer Protection Act [15 U.S.C. § 1125(d)]<br><br>Demand for Jury Trial |

FIRST CLAIM FOR RELIEF

(Cybersquatting under the Anti-Cybersquatting Consumer Protection Act)

[15 U.S.C. § 1125(d)]

　　Plaintiff American Security Products Co. ("Plaintiff") complaining of Commercial Locksmith Solutions, Inc. ("Defendant") alleges the following based on information and belief:

A.　NATURE OF THE ACTION

　　1.　This is an action for federal cybersquatting under 15 U.S.C. § 1125(d). Specifically, Defendant acted with a bad faith intent to profit by registering and using the domain name <americansecuritysafe.com> (the "CLS Domain Name"), which is identical or confusingly similar to Plaintiff's distinctive and federally registered AMERICAN SECURITY trademark.

2. Plaintiff seeks injunctive relief, damages according to proof, profits acquired by Defendant, statutory damages of $100,000 according to 15 U.S.C. § 1117(d) as an alternative to an award of damages and profits, treble damages, exemplary damages, reasonable attorneys' fees and costs, and any other relief the Court deems proper.

**B.   THE PARTIES**

1. Plaintiff American Security Products Co. is a California corporation with a head office at 11925 Pacific Avenue, Fontana, CA 92337.

2. Defendant is a Texas corporation with a head office at 333 Edgebrook Drive, Houston, TX 77034, and its registered agent is Northwest Registered Agent, LLC having an address of 5900 Balcones Drive, Suite 100, Austin, TX 78731.

**C.   JURISDICTION AND VENUE**

3. Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, particularly the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the ACPA).

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant is the direct cause of Plaintiff's claims. Defendant's in-state activities relate to Plaintiff's claims, including, among other things, knowingly and directly causing damages and harm to occur in this state to the Plaintiff, a California business. Defendant has also long availed itself of the privileges and protections of California law by purchasing goods from California for re-sale as part of its primary business model, contracting with California companies to act as the Defendant's suppliers, and marketing and promoting its goods to California consumers through its homepage and additional hidden URLs used to redirect traffic to its homepage.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the claims arose in this District.

**D.    PLAINTIFF AND ITS TRADEMARK RIGHTS**

7.  Plaintiff is in the business of developing and selling "Safes; Electronic safes; Gun safes; Metal safes" as recited in Plaintiff's U.S. Trademark Application Serial No. 90203406 (the AmSec Application). A true and correct copy of the AmSec Application is attached as <u>Exhibit A</u> to this Complaint.

8.  The AmSec Application has been examined by the United States Patent & Trademark Office, has passed through the statutory publication period without opposition, and therefore will be granted in due course.

9.  For more than twenty years, Plaintiff has marketed goods and services under its AMERICAN SECURITY trademark, as reflected in the AmSec Application.

10. The AMERICAN SECURITY trademark is strong and inherently distinctive, and it has also acquired distinctiveness because Plaintiff has been exclusively and continuously using the mark for several decades in a way that served to distinguish the mark in the minds of relevant consumers as a source indicator for Plaintiff's goods.

11. Plaintiff uses its AMERICAN SECURITY trademark in various forms.

12. Plaintiff's markets for its AMERICAN SECURITY brand goods and services are industrial, commercial, and residential purchasers of safes.

13. Since adopting the AMERICAN SECURITY trademark, Plaintiff has expended significant resources in the development of its business, goodwill and the reputation associated with this trademark, including spending significant sums on advertising and promotional activities, and investing substantial resources in protecting and enforcing its trademark rights in this trademark.

14. Plaintiff owns the exclusive rights to use the trademark AMERICAN SECURITY in connection with safes, throughout the United States as evidenced by the AmSec Application.

15. Plaintiff also enjoys common law rights in its AMERICAN SECURITY trademark by virtue of its use of this trademark in interstate and international commerce

with a variety of goods and services in the safe field. Plaintiff's AMERICAN SECURITY trademark is valid, subsisting, distinctive and exclusively owned by Plaintiff.

16. As a result of Plaintiff's extensive promotional efforts and long use of its trademark, AMERICAN SECURITY has become uniquely identified with Plaintiff in the minds of consumers and has come to signify the high quality of goods and services offered by Plaintiff. Accordingly, Plaintiff has acquired invaluable goodwill in its AMERICAN SECURITY trademark and this trademark has become well-known and recognizable to the public.

E. **DEFENDANT'S INFRINGING ACTIVITIES AND ACTS OF UNFAIR COMPETITION**

17. Defendant is in the commercial safe and security business.

18. On September 9, 2020, without any authorization from Plaintiff, Defendant registered the CLS Domain Name and obscured its ownership through a proxy.

19. Defendant began using the CLS Domain Name such that users attempting to access it are automatically redirected to Defendant's website <contactcls.com> without any notice of the redirection.

20. Prior to registering the CLS Domain Name, Defendant knew of Plaintiff's rights in its AMERICAN SECURITY trademark.

21. Prior to registering the CLS Domain Name, Plaintiff's AMERICAN SECURITY trademark was distinctive.

22. The Defendant has no trademark or intellectual property rights to the domain.

23. The Defendant has no prior or current use of the CLS Domain Name in connection with the bona fide offering of any goods or services.

24. Defendant markets and sells goods that compete with Plaintiff through its website <contactcls.com> to which consumers are redirected from the CLS Domain

Name. Redirected consumers are likely to be confused or deceived into believing that Defendant's business is sponsored, authorized, or endorsed by Plaintiff, or that Defendant's business is associated or affiliated with Plaintiff, resulting in lost sales by Plaintiff and ill-gotten profits for Defendant.

25. Defendant registered and is using the CLS Domain Name to benefit from Plaintiff's trademark rights, including by drawing Internet users through online searches to Defendant's website by means of the CLS Domain Name.

26. Defendant registered the CLS Domain Name in bad faith because Plaintiff is a long-time industry competitor, Defendant had prior knowledge of Plaintiff's AMERICAN SECURITY trademark and the fame, reputation and goodwill Plaintiff has accrued in connection therewith, and Defendant is using the CLS Domain Name to usurp the goodwill associated with Plaintiff's AMERICAN SECURITY trademark for its own commercial gain.

27. Defendant's acts as alleged above will diminish the distinctiveness of Plaintiff's AMERICAN SECURITY trademark as well as the reputation and goodwill Plaintiff has accrued.

28. Defendant has profited from such cybersquatting and Defendant's acts have caused and will continue to cause irreparable harm and injury to Plaintiff's reputation, identity, and ability to distinguish its business from others for which Plaintiff has no adequate remedy at law.

29. Plaintiff is entitled to Defendant's profits derived from their use of the CLS Domain Name resulting in them being unjustly enriched at Plaintiff's expense.

30. Plaintiff is entitled to recover enhanced damages multiplied up to three times, as well as Plaintiff's reasonable attorneys' fees.

31. Under 15 U.S.C. 1117(d), at its election, Plaintiff is entitled to statutory damages of up to $100,000 in lieu of actual damages and profits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks that this Court:

A. Find that the Defendant has violated the Anti-Cybersquatting Consumer Protection Act under 15 U.S.C. §1125(d)(1);

B. Order Defendant to transfer all ownership and control of the CLS Domain Name to Plaintiff;

C. Permanently enjoin Defendant from registering and using any domain name, website or metatags incorporating the AMERICAN SECURITY trademark or being confusingly similar or near spelling of the AMERICAN SECURITY trademark;

D. Award Plaintiff statutory damages in the amount of $100,000 under 15 U.S.C. §1117(d);

E. Award Plaintiff the costs of this action and reasonable attorneys' fees and investigators' fees;

F. Award Plaintiff such other damages and further relief as this Court may deem just and proper.

Respectfully submitted,

July 7, 2021

By: /s/ Marina L. Lang
Marina L. Lang
SoCal IP Law Group LLP
mlang@socalip.com

Attorneys for Plaintiff American Security Products Co.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

July 7, 2021

/s/ Marina Lang
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff American Security Products Co.